UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN RASHAAD JONES, #0238867,

    Plaintiff,

v.
    Case No. 15-14332
    Hon. MARK A. GOLDSMITH

OAKLAND COUNTY,

    Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

Oakland County Jail inmate Bryan Rashaad Jones ("Plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 challenging his ongoing state criminal proceedings. In particular, he asserts that the proceedings have been improperly delayed in violation of his rights under the Sixth Amendment and the Americans with Disabilities Act. He names Oakland County in its official capacity as the sole defendant in this action. He seeks immediate release from custody and $10 million in damages. The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. See 28 U.S.C. § 1915(a)(1).

### II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress

against government entities, officers, and employees that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id., quoting Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id., quoting Twombly, 550 U.S. at 557. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-556.

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (i) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (ii) the deprivation was caused by a person acting under color of state law. Flagg Bros.

v. Brooks, 436 U.S. 149, 156-157 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009). In this case, Plaintiff fails to state a claim upon which relief may be granted as to the only named defendant, Oakland County. Municipalities and local governments may be subject to suit under 42 U.S.C. § 1983. See generally Monell v. Department of Social Svs., 436 U.S. 658 (1978). A local government, however, may only be sued under § 1983 when the execution of a government policy or custom, for which the government as an entity is responsible, inflicts the injury. Id. at 692. In other words, for a government entity to be held liable under § 1983, "the entity's policy or custom" "must be the moving force behind the [constitutional] deprivation." S.H.A.R.K. v. Metro Parks, 499 F.3d 553, 563 (6th Cir. 2007). "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691. Plaintiff does not allege any facts indicating that Oakland County operates unconstitutionally, maintains an unconstitutional policy or custom, or that any of its policies or customs accounted for any alleged improper conduct by any of the people referenced in his complaint.

Moreover, the state courts, such as the Oakland County Circuit Court, are arms of the State of Michigan, not entities operated by the counties. See Pucci v. Nineteenth Dist. Ct., 628 F.3d 752, 762-764 (6th Cir. 2010); Chambers v. Michigan, No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011). The actions of the trial judge and prosecutor occurred in their service as agents of the State, not Oakland County, such that Oakland County is not liable for their actions. See Cady v. Arenac Co., 574 F.3d 334, 345 (6th Cir. 2009). Additionally, Plaintiff's defense attorney is not a state actor subject to suit under 42 U.S.C. § 1983. See Polk Co. v. Dodson, 454 U.S. 312, 318, 325 (1981); see also Cicchini v. Blackwell, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not,

3

merely by virtue of being officers of the court, state actors for § 1983 purposes."). Plaintiff thus fails to state a claim against Oakland County. His complaint must be dismissed.

### III. CONCLUSION

The Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), the Court dismisses his civil rights complaint. The Court also concludes that an appeal from this order cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated: January 12, 2016  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 12, 2016.

 s/Karri Sandusky
 Case Manager